IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02704-GPG

KEVIN JOSEPH PAYTON,

    Applicant,

v.

JEFF SHRADER, Jefferson County Sheriff; and
JEFFERSON COUNTY SHERIFF OFFICE DETENTION FACILITY,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Kevin Joseph Payton, is detained at the Jefferson County Jail. He initiated this action on January 4, 2016, by filing a "Petition for Writ of Habeas Corpus 28 U.S.C. 2254" (ECF No. 1).

    On December 17, 2015, Magistrate Judge Gordon P. Gallagher reviewed Mr. Payton's filing and determined that it was deficient because the habeas petition was not filed on the court-approved form. (ECF No. 5). Magistrate Judge Gallagher therefore directed Applicant to resubmit his petition, on the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, within 30 days. (*Id.*). The Order further instructed Mr. Payton that he could obtain a copy of the court-approved form from the Court's website at www.uscourts.cod.gov.

    On January 4, 2016, Mr. Payton filed a non-compliant "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody" (ECF No. 6).

    In a January 25, 2016 minute order, Magistrate Judge Gallagher allowed Mr.

Payton an additional 30 days to resubmit his § 2241 petition on the court-approved form because it was unclear whether Applicant had access to the form at the Boulder County Jail. (ECF No. 7). Magistrate Judge Gallagher further directed the clerk of the court to mail to Mr. Payton a copy of the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, and instructed Applicant to use the form in curing the deficiency. (*Id.*). The form was mailed to Mr. Payton on January 25, 2016. (*Id.*).

Mr. Payton did not resubmit his § 2254 petition on the court-approved Application, as directed in the January 25, 2016 minute order. Further, he has not communicated with the Court since January 4, 2016.

Local Rules 1.2 and 5.1(c) of the Local Rules of Practice - Civil for this Court require litigants to use the Court-approved forms found on the Court's website. Rule 83(a)(2) of the Federal Rules of Civil Procedure allows a district court to enforce a local rule imposing a form requirement unless it "causes a party to lose any right because of a nonwillful failure to comply." Fed. R. Civ. P. 83(a)(2). Generally, "dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005).

In addition, the United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms. *See, e.g.*, *Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring

use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use local rule requiring *pro se* prisoners to use court's forms to file action was not nonwillful, and inmate's failure to use required form supported dismissal of action). Therefore, the § 2254 Petitions and the action will be dismissed for failure to file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 as directed within the time allowed.

The Court further observes that based on Mr. Payton's allegations in the § 2254 Petition, it appears that he is still in the process of exhausting his state court remedies for a conviction and sentence entered on May 26, 2015. A state prisoner must exhaust available state court remedies before seeking federal habeas corpus relief. *See* 28 U.S.C. § 2254(b).

Mr. Payton is reminded that any future § 2254 Application is subject to the one-year limitation period and statutory tolling provisions set forth in 28 U.S.C. § 2244(d), and that the time during which a 28 U.S.C. § 2254 application is pending in this Court does not toll the one-year limitation period in § 2244(d). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first federal habeas petition"). .

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be

denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962).

Accordingly, it is

ORDERED that the § 2241 Petitions (ECF No. 1 and 6) and this action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Kevin Joseph Payton, to resubmit his § 2254 petition on the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, by the deadline specified in the January 25, 2016 minute order.   It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Mr. Payton has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Mr. Payton files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED March 4, 2016, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court